UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| COLE CAMPBELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:12 CV 2253 CDP |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

## <u>MEMORANDUM AND ORDER</u>

Movant Cole Campbell brings this action under 28 U.S.C. § 2255, seeking to

vacate, set aside, or correct his sentence. Campbell pleaded guilty to being a felon in

possession of a firearm in violation of 18 U.S.C. §922(g) (Count One) and to discharge

of a firearm in connection with a drug trafficking offense in violation of 18 U.S.C.

§924(c) (Count Three). His plea agreement included agreed sentencing guidelines

calculations, which I followed, and at sentencing the parties agreed that an aggregate jail

term of 166 months was appropriate, which I also followed. Case No. 4:11CR204 CDP.

He did not appeal.

Campbell now claims he received ineffective assistance of counsel. He alleges that

counsel was ineffective for advising him to enter a plea agreement that, he claims,

improperly calculated the sentencing guidelines. Specifically, he argues that his

sentencing guidelines calculations on Count One should not have included an

enhancement for discharge of a firearm because he also received the mandatory ten-year sentence for discharging the firearm under Count Three. Because Campbell's sentencing guidelines range and the resulting sentence would have been the same even without the enhancement he claims was improperly applied, he was not prejudiced by counsel's conduct. He therefore cannot show that he received ineffective assistance of counsel, and so I will deny the § 2255 motion.

*Facts*

On January 6, 2011, Campbell robbed and shot a person from whom he had arranged to buy a pound of marijuana. The details of the crime are set out in the plea agreement. The firearm Campbell used to shoot the victim belonged to his grandfather, and after the crime the grandfather provided the gun to authorities. The firearm had been manufactured in Brazil, and Campbell himself transported it across a state line by bringing it from his home in Illinois to Missouri where he shot the victim. Campbell had a prior state felony conviction for aggravated assault and unlawful possession of a controlled substance.

A grand jury returned a three-count indictment against Campbell: Count One charged him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); Count Two charged him with possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1); and Count Three charged him with discharging a

firearm in connection with the drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(iii).

On November 8, 2011, Campbell pleaded guilty pursuant to a plea agreement. He pleaded guilty to Count One, felon in possession of a firearm, and to Count Three, possessing and discharging a firearm in furtherance of a drug trafficking crime. The government agreed to dismiss Count Two. The plea agreement included non-binding recommendations about the sentencing guidelines, and agreed to a total offense level of 21 for Count One, the felon in possession charge.

The Presentence Report agreed with the parties' recommended guidelines calculations and the total offense level of 21 for Count One. Campbell was in criminal history category II, so his guidelines range on that count was 41 to 50 months. Count Three carried a mandatory ten-year consecutive sentence. The combined time he was facing under the guidelines was therefore 161 to 170 months. As jointly recommended by the parties at sentencing, I sentenced him to an aggregate sentence of 166 months.

*Legal Standards*

The grounds justifying relief under 28 U.S.C. § 2255 are limited. The pertinent section of § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise

subject to collateral attack, may move the court which imposed the sentence
to vacate, set aside or correct the sentence.

A court may grant such relief only if it finds a lack of jurisdiction, constitutional error or

a fundamental error of law. *United States v. Addonizio,* 442 U.S. 178, 184-185 (1979).

"[A]n error of law does not provide a basis for collateral attack unless the claimed error

constituted a fundamental defect which inherently results in a complete miscarriage of

justice." *Id.* at 185. More specifically, a movant cannot raise allegations of

misapplication of the Sentencing Guidelines in a § 2225 motion if the sentence is within

the limits allowed by the statute, unless the petitioner alleges that: (a) his counsel was

constitutionally ineffective, (b) his sentence was in excess of the maximum authorized by

statute, or (c) his sentencing amounted to a miscarriage of justice. *U.S. v. Perales,* 212

F.3d 1110, 1112 (8th Cir. 2000).

The Sixth Amendment establishes the right of the criminally accused to the

effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 686 (1984). To

state a claim for ineffective assistance of counsel, Campbell must demonstrate: (1) That

his counsel's performance "fell below an objective standard of reasonableness"; and (2)

"[A] reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." *Id.* at 687-88. Under the second prong, the

petitioner must show actual prejudice by demonstrating that but for counsel's deficient

performance, the outcome would have been different. *Id.* at 694. An increase in a

sentence resulting from counsel's deficient performance may constitute prejudice. *See*

*Glover v. United States,* 531 U.S. 198, 202-04 (2001).  The court need not address both components of the *Strickland* test if the movant makes an insufficient showing on one of the prongs.  *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995).

### *Discussion*

Campbell argues that his counsel was ineffective for advising him to enter a plea agreement that improperly calculated the sentencing guidelines, and for failing to object to the calculations at sentencing.  Specifically, he argues that his sentence was a result of improper "double counting" because he received both an enhancement for discharging the firearm under Count One and a sentence for discharging the firearm under Count Three.

*The guidelines that were agreed to and applied:*

In the non-binding plea agreement, the parties agreed that the Count One guidelines should be calculated using §2A2.2, the aggravated assault guideline, instead of §2K2.1, the felon in possession guideline, because the firearm was possessed in connection with Cole's shooting the victim.  They agreed specifically that:  the base offense level was 14 under U.S.S.G. §2A2.2(a); 5 levels should be added under §2A2.2(b)(2) because Cole discharged the firearm; and 7 levels should be added under §2A2.2(b)(3)(C) because the victim suffered permanent and life threatening bodily injuries.  The agreement noted that the cumulative increase in the offense level under §2A2.2(b) could not exceed 10 levels, so the offense level before acceptance of

responsibility was 24. The government agreed that defendant had accepted responsibility for his criminal conduct and so should receive 3 levels off under §3E1.1(a) and (b). The total offense level was thus 21. They agreed that the guidelines for Count Three would be calculated under §2K2.4, which provides that the guidelines range is the statutorily required term of 120 months, and that term must run consecutively to the other sentence.

The presentence report agreed with this approach, relying on the cross-reference provision of the felon in possession guideline, §2K2.1(c)(1)(a), which directs the use of cross-referencing if the firearm was possessed in connection with another felony and the resulting offense level is higher.

*Campbell's argument and the government response:*

Campbell now argues that this was impermissible "double-counting," because if a defendant is being sentenced under the guideline that applies to §924(c) convictions and to an underlying charge, the guidelines calculations for the underlying charge should not include a specific offense enhancement for possessing or discharging a firearm.

The rule Campbell relies on is found in Application Note 4 to Guideline § 2K2.4(b), which applies to Count Three, because it covers all convictions under 18 U.S.C. §924(c). Application Note 4 to §2K2.4 provides in part:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under the guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that

would apply based on conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct).

U.S.S.G. §2K2.4, comment.

If the discharge enhancement of §2A2.2(b)(2) is not applied, Campbell argues, then Count One would have a total offense level of 18, instead of 21, and his guidelines range on this count would have been 30 to 37 months. The aggregate range when Count Three is added would be 150 to 157 months, instead of the 161 to 170 months that was used.

The government argues that the §2K2.4 application note 4 prohibition does not apply here because Count Three charged Campbell with discharging the firearm in connection with the drug trafficking offense of Count Two, and Count Two was dismissed. It argues that because Campbell was sentenced on the felon in possession charge, and not on the drug trafficking charge, the §924(c) sentence was not imposed in connection with the marijuana "underlying offense."

I need not determine whether Campbell or the government is correct in this argument, because even if Campbell were correct, he was not prejudiced by his counsel's failure to make this argument. This is because if he is correct that the discharge enhancement should not have been applied, then the offense level under the aggravated assault guideline (§2A2.2) is lower than what results from the felon in possession guideline (§2K2.1), so the cross reference provision of §2K2.1(c) does not apply.

*The §2K2.1 calculations:*

As set out above, the felon in possession guideline is found in §2K2.1.  Under that section Campbell had a base offense level of 20 under §2K2.1(a)(4)(A), because he committed the offense after sustaining one felony conviction for a crime of violence or controlled substance offense (his 2010 conviction for aggravated battery and unlawful possession of a controlled substance). An additional 4 levels are added under §2K2.1(b)(6)(B) because he possessed the firearm in connection another felony (aggravated assault and possession with intent to distribute marijuana).  When the three levels for acceptance of responsibility are deducted, the resulting total offense level is 21.

The cross-reference set out in §2K2.1(c)(1)(A), says that if the defendant used or possessed the firearm in connection with the commission of another offense, the sentencing court should apply the guidelines calculation that results from following the cross-referencing rules of §2X1.1 (the guideline for attempt, solicitation, or conspiracy), *if the resulting offense level is greater than* the offense level would be under the firearm guideline.  If Campbell is correct, his total offense level under the aggravated assault guideline would be 18, and so the cross-reference would not be used because the total offense level under the regular felon in possession guideline is 21.

*Campbell was not prejudiced:*

To show that Campbell was prejudiced by his counsel's conduct, Campbell must show that the result of the proceeding would have been different.  He argues that his

guidelines calculations would have been lower, and his sentence might have been lower, but this is incorrect. Because the total offense level applicable to Campbell would have been 21 even if he were correct about Application Note 4, he was not prejudiced by counsel's conduct. His guidelines range would have been exactly what it was, and his sentence would not have been different. Because his ineffectiveness claim fails to show prejudice under *Strickland,* I need not consider whether his counsel's performance was deficient.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence is DENIED. An separate judgment will be entered today.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Date this 14th day of January, 2014.

9