UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COLE CAMPBELL, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) Case No. 4:12 CV 2253 CDP |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

# **MEMORANDUM AND ORDER**
# **AND DENIAL OF CERTIFICATE OF APPEALABILITY**

Cole Campbell brought an action under 28 U.S.C. § 2255 claiming ineffective assistance of counsel. He alleged that counsel was ineffective for advising him to enter a plea agreement that, he claimed, improperly calculated the sentencing guidelines. I held that Campbell was not prejudiced by his counsel's conduct, because Campbell's sentencing guidelines range and the resulting sentence would have been the same even without the allegedly improper calculation, and denied the § 2255 motion. I entered judgment on January 14, 2014.

Campbell filed a notice of appeal on January 30, 2014. On February 20, 2014, the Court of Appeals remanded the case for me to consider *Tiedman v. Benson*, 122 F.3d 518 (8th Cir. 1997), which deals with certificates of appealability.

The next day, on February 21, 2014, the Court received a Rule 59(e) motion from Campbell, asking that I alter or amend the judgment. Rule 59(e) requires that a motion to alter or amend a judgment be filed no later than twenty-eight days after the entry of the judgment. Fed. R. Civ. P. 59(e). Campbell's motion was postmarked February 19 and received February 21, which is thirty-eight days after entry of judgment. It therefore appears to be untimely, but because it fails on the merits in any event, I will consider it.

Campbell's motion rehashes points raised in his § 2255 motion. But that is not the purpose of a motion for reconsideration. Campbell argues that I made a manifest error of law when I determined that he was not prejudiced by the sentencing guidelines error he claims was contained in the plea agreement. His argument is essentially that I cannot consider what the correct sentencing guidelines should have been, but he should be entitled to relief by merely showing that the guidelines he previously agreed to were in error. He thus ignores entirely the requirement that he demonstrate prejudice in order to obtain habeas relief on a claim of ineffective assistance of counsel. This argument is incorrect, and nothing in Rule 59 motion shows any basis for me to alter my prior ruling.

I have considered *Tiedman v. Benson*, as directed by the Court of Appeals, and conclude that Campbell is not entitled to a certificate of appealability on either my initial denial of relief or on the denial of the rule 59 motion. He has not made a

substantial showing of the denial of a federal constitutional right.  *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (a substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that Campbell's motion for relief pursuant to Rule 59(e) [# 15] is denied.

**IT IS FURTHER ORDERED** that the movant has not made a substantial showing of a denial of a constitutional right and so this court will not grant a certificate of appealability.

                                                CATHERINE D. PERRY
                                                UNITED STATES DISTRICT JUDGE

Dated this 6th day of March, 2014.